FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 05 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
EASTERN SAVINGS BANK, FSB,

                        Plaintiff,        **MEMORANDUM & ORDER**

      -against-                             11-cv-1721 (ENV) (MDG)

BRENDA BRIGHT, SPERRY ASSOCIATES
FEDERAL CREDIT UNION, "JOHN DOE #1
through JOHN DOE #12", the last twelve names
being fictitious and unknown to plaintiff, the
persons or parties intended being the tenants,
occupants, persons or corporations, if any,
having or claiming interest upon the premises
described in the Complaint,

                        Defendants.
-----------------------------------------------------------------X

**VITALIANO, D.J.**

      Plaintiff Eastern Savings Bank, FSB ("Eastern") brings this action against defendants Brenda Bright ("Bright"), Sperry Associates Federal Credit Union ("Sperry"), and 12 John Doe defendants to foreclose on a mortgage. Eastern now moves for summary judgment against Bright, who is pro se. For the reasons that follow, Eastern's motion is granted.

### Background

      The relevant facts are drawn from the complaint and the submissions of the parties on this motion. These facts are viewed in the light most favorable to the nonmoving party. See Allstate Ins. Co. v. Hamilton Beach/Proctor Silex, Inc., 473 F.3d 450, 456 (2d Cir. 2007). Any factual disputes are noted. Bright's pleadings are read with solicitude in light of her self-represented status.

      On December 24, 2007, defendant Bright executed and delivered a note to Eastern, acknowledging a debt of $210,000. The note accompanied a simultaneously executed mortgage,

which secured the note with a lien on Bright's primary residence, located in West Hempstead, New York. Eastern currently holds both the mortgage and the note. The terms of this financing require Bright to make monthly payments by the first day of each month. The note provides that, in the case of a default that remains uncured for 30 days after notice of the default, Eastern may, at its discretion, demand immediate payment of the entire principal balance and interest.

Beginning on November 1, 2009, Bright failed to make the monthly payment required by the note and missed all required payments thereafter. Pursuant to N.Y. R.P.A.P.L. § 1304(1), on November 5, 2010, plaintiff sent Bright a 90-day notice, warning that the loan would be accelerated if the default was not cured. Eastern subsequently sent a 30-day notice on December 21, 2010. See N.Y. R.P.A.P.L. §§ 1304(2) (4). Bright persisted in her failure to cure the default.

On April 4, 2011, Eastern commenced this diversity action to foreclose its lien on Bright's home. Forty-four days later, on May 18, 2011, Eastern and Bright entered into a forbearance agreement in which Bright agreed to pay an initial sum of $6000 to reinstate the note and mortgage, followed by regular monthly payments of $2929.49. In return, plaintiff agreed to discontinue prosecution of the foreclosure and voluntarily dismiss the action if all payments were timely made through March 1, 2012. For her part, Bright also accepted service of the summons and complaint.

Bright made good on her promise in the forbearance agreement to pay the initial sum of $6000, but defaulted on all subsequent payments. Eastern sent Bright a 10-day notice to cure her default, which stated that if Bright failed to do so, Eastern would resume the foreclosure process. Bright made no further payments of any kind in connection with the mortgage.

With the case restored to the active docket, Bright answered the complaint on September 7, 2011. She contests neither the execution of the note and mortgage nor her default. Instead,

2

she refers to a work-related injury to justify her failure to make either the mortgage or forbearance payments as they had come due. Bright also claims she responded to the initial notice of default on the note by seeking counseling at a housing agency. With knowledge of that effort, Bright claims, Eastern proposed the forbearance agreement.

Eastern demands summary judgment against Bright in the amount $282,802.40, which, Eastern claims, includes the amount due on the loan's principle, unpaid interest, and fees.[1] In opposition, Bright does not contest the substantive allegations of the complaint or the documentary evidence submitted with plaintiff's motion. Rather, she requests a settlement conference to modify the terms of her loan. Additionally, Bright generally avers bad faith on the part of Eastern, particularly in procuring her agreement in signing stipulations that she did not understand. Specifically, Bright claims that she would not have signed the acknowledgement of service of process in the forbearance agreement if she had, at the time, understood the legal significance of accepting personal service and proceeding in federal court.[2] Bright also requests that the case be sent to state Supreme Court, Nassau County, where she would be entitled to a mandatory settlement conference.[3]

---

[1] Plaintiff does not, on this motion, seek relief with respect to Sperry, against whom it claims it will seek a judgment on default. Plaintiff, however, requests dismissal of all John Doe defendants. As it is unopposed, the motion to dismiss the John Doe defendants is granted. Plaintiff also requests—without legal authority—that Bright's answer be struck from the record. That motion is denied.

[2] By acknowledging service of process as part of the forbearance agreement, Bright dropped the objection that the summons and complaint had not been properly served upon her. Given Bright's active participation in this litigation, any formal objection to service of process she may have had is of no great moment and was readily curable.

[3] In her opposition papers, Bright requested a continuance to obtain counsel. The Court granted her request and subsequently extended it on her second request. Her search for counsel was not fruitful.

## Legal Standard

Summary judgment is appropriate only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). The Court's role in assessing the merits of a summary judgment motion is not to try issues of fact. Rather, it is to "determine whether there *are* issues of fact to be tried." Sutera v. Schering Corp., 73 F.3d 13, 16 (2d Cir. 1995) (quoting Katz v. Goodyear Tire Rubber Co., 737 F.2d 238, 244 (2d Cir. 1984)). The moving party bears the burden of demonstrating that there is no genuine issue as to any material fact, see Jeffreys v. City of New York, 426 F.3d 549, 554 (2d Cir. 2005), and courts must resolve all ambiguities in the evidence and draw all permissible factual inferences in favor of the party opposing the motion. See Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 391 F.3d 77, 83 (2d Cir.2004); Hetchkop v. Woodlawn at Grassmere, Inc., 116 F.3d 28, 33 (2d Cir. 1997) ("If, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper").

If the moving party meets its initial burden of demonstrating the absence of a disputed issue of material fact, the burden shifts to the nonmoving party to present specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986). The nonmoving party may not rely solely on mere "conclusory allegations or unsubstantiated speculation" in order to defeat a motion for summary judgment. Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998). Rather, the nonmoving party must "make a showing sufficient to establish the existence of [each] element to that party's case . . . since a complete failure of proof concerning an essential element of . . . the non-moving party's case

necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322-23. If the evidence favoring the nonmoving party is "merely colorable . . . or is not significantly probative, summary judgment may be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2510-11 (1986) (internal quotations omitted).

To reiterate, of course, in light of defendant's pro se status, the Court must liberally construe the defendant's submissions to raise the strongest arguments they suggest. See Erickson v. Pardus, 551 U.S. 89, 93, 127 S. Ct. 2197, 2199 (2007); Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007).

## Discussion

In a New York mortgage foreclosure action, a plaintiff makes a prima facie case—with summary judgment appropriate if nothing else is shown—where the foreclosing party produces documentary evidence establishing the three elements of a foreclosure claim: (1) a mortgage, (2) a note, and (3) proof of default on the note by the mortgagor. See U.S. Bank, N.A. v. Byrd, No. 10-cv-3381, 2012 WL 580500, at *4 (E.D.N.Y. Feb. 22, 2012); Builders Bank v. Beach 116-23 LLC, No. 09-CV-2220, 2011 WL 2672567, at *5 (E.D.N.Y. Apr. 15, 2011); Regency Sav. Bank, F.S.B. v. Merritt Park Lands Assoc., 139 F. Supp. 2d 462, 465 (S.D.N.Y. 2001); Votta v. Votta Enterprises, Inc., 249 A.D.2d 536, 537, 672 N.Y.S.2d 118, 119 (2d Dep't 1998). When a plaintiff meets its prima facie burden and the defendant does not contest those facts, a presumptive right to collect the overdue amount exists that can only be overcome by showing a meritorious affirmative defense. In re Victory Veal, Inc., 186 B.R. 22, 28 (Bankr. E.D.N.Y. 1995); United States v. Freidus, 769 F. Supp. 1266, 1277 (S.D.N.Y. 1991); Metro. Distribution Services, Inc. v. DiLascio, 176 A.D.2d 312, 312, 574 N.Y.S.2d 755, 756 (2d Dep't 1991); Regency Sav. Bank, 139 F. Supp. 2d at 465 ("[A] mortgagor is bound by the terms of his

contract . . . and cannot be relieved from his default . . . in the absence of waiver by the mortgagee, [] estoppel, [] bad faith, fraud, [or] oppressive or unconscionable conduct on the [mortgagee's] part").

Eastern has provided the Court with the note and mortgage, as executed by both parties. Also proffered on the motion are the various notices sent to Bright regarding her mortgage and note defaults. Plaintiff also submitted an affidavit by Terry Brown, one of its senior asset managers, attesting to Bright's default and related facts underlying the claim. Notwithstanding the dispositive effect of such submissions alone, Bright also admits to defaulting on the note and mortgage, as well as to entering into—and defaulting on—the forbearance agreement. The Court, consequently, must find that plaintiff has met its prima facie burden on its foreclosure claim.

What remains is the question of whether there exists a valid affirmative defense, and, on that question, the burden shifts to Bright to produce admissible evidence, see Regency Sav. Bank, 139 F. Supp. 2d, at 465-66, of such an affirmative defense. She fails to do so. Bright vaguely alleges that "[p]laintiff. . . allowed [d]efendant to sign a stipulation that they knew [she] did not understand." (Opposition to Summary Judgment at ¶ 1.) Bright further claims that she "would never have signed the stipulation stating that [she] received the summons and complaint because [she had] told [Eastern] that [she] did not get served with papers." (Id. at ¶ 8.) Critically, all of these grumblings relate to Eastern's conduct of this litigation. She avers no misconduct by Eastern relating to the creation of the mortgage agreement and her breach of it. All that defendant challenges comes after her defaults on the note and mortgage, which go unchallenged. Furthermore, Bright presents no admissible proof from which a reasonable jury could find that Eastern engaged in fraud, duress, oppressive or unconscionable dealings, and/or

6

bad faith in relation to the making of the note and mortgage.[4] See First Nat'l Bank of Highland v. J & J Milano, Inc., 160 A.D.2d 670, 671, 553 N.Y.S.2d 448 (2d Dep't 1990) (defendant failed to produce any credible evidence to rebut a bank's prima facie showing of entitlement to foreclose); see also Scotto, 143 F.3d at 114. Bright's explanations and justifications for her mortgage and note default do not raise a cognizable defense, much less an issue of material fact that is in dispute either as to Eastern's claim or any potential defense.[5] See Sutera, 73 F.3d at 16; Celotex, 477 U.S. at 332. Plaintiff is entitled to summary judgment.

---

[4] Demonstrating a legitimate defense would require some proof attacking the legal validity of the original agreement or evidence of proceedings that would require relieving the debtor in order to prevent injustice. See, e.g., Prudential Ins. Co. of Am. v. Kelly, 174 A.D.2d 717, 717, 571 N.Y.S.2d 761, 761 (1991) (granting summary judgment of foreclosure because defendant failed to plead any elements of fraud in the mortgage making); cf. Nassau Trust Co. v. Montrose Concrete Prods. Corp., 56 N.Y.2d 175, 184, 436 N.E.2d 1265, 1269 (1982). Bright's attack on the forbearance agreement, moreover, overlooks the fact that, even assuming (but without finding) defective service of process, a second opportunity to serve her was readily available. What she did receive in the forbearance agreement was the opportunity to embark on a payment plan and to remain in possession even though she had defaulted on the original note and mortgage. Given the situation, it is difficult to imagine why any reasonable person would not agree to acknowledge process in order to remain in possession. Assuming for the purpose of argument that Bright's naked assertions regarding Eastern's state of mind were true (i.e., that Eastern knew she did not understand the stipulation), no substantial injustice is worked here. This episode, though, does underscore the wisdom of having such stipulations allocated on the record.

[5] Like other procedural differences between state and federal litigation, the absence of a rule requiring a mandatory settlement conference in foreclosure proceedings in this Court is of no significance. See Kondaur Capital Corp. v. Cajuste, No. 11-CV-2627, 2012 WL 1034241, at *6-8 (E.D.N.Y. March 27, 2012). As a practical matter, however, Bright already reaped the benefit of a settlement conference, which resulted in the forbearance agreement. See Home Loan Inv. Bank, F.S.B. v. Goodness & Mercy, Inc., No. 10-CV-4677, 2011 WL 1701795, at *11 (E.D.N.Y. Apr. 30, 2011) (holding that a conference under C.P.L.R. § 3408 would make no practical difference to the defendant because an opportunity to settle does not affect the existence of a meritorious defense); see also Kondaur, 2012 WL 1034241, at *6-8.

## Conclusion

For the foregoing reasons, plaintiff's motion for summary judgment of foreclosure is granted. This matter is referred to Magistrate Judge Marilyn D. Go to determine the amount of the judgment, including, but not limited to, principal and interest on the note, costs, and attorney's fees associated with the action.

**SO ORDERED.**

Dated: Brooklyn, New York
June 28, 2012

/S/

ERIC N. VITALIANO
United States District Judge