UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
EASTERN SAVINGS BANK, FSB,

                     Plaintiff,

- against -

BRENDA BRIGHT, SPERRY ASSOCIATES
FEDERAL CREDIT UNION,

                    Defendants.
----------------------------------x

Civil Action No. CV-11-1721

(ENV)(MDG)

**JUDGMENT OF FORECLOSURE AND SALE**

**Foreclosure of:**
**957 Orlando Avenue**
**Hempstead, NY 11552**
**Section: 35, Block: 597, Lot: 72**

On the Summons in a Civil Action (the "Summons") and Complaint (the "Complaint") filed in the Clerk's Office of the United States District Court of the Eastern District of New York on April 8, 2011; on the Notice of Pendency filed in the Office of the Nassau County Clerk on May 2, 2011; on the Declaration of Services Rendered and the Bill of Costs of Jerold C. Feuerstein, Esq. both dated December 20, 2012, on the Affidavit of Terry Brown of Statement of Damages, a Senior Asset Manager of the Plaintiff, Eastern Savings Bank, fsb, sworn to on December 21, 2012, and the Supplemental Affidavit of Terry Brown in Support of Statement of Damages, sworn to on March 13, 2013, on the affidavits of service filed herein; upon the Memorandum & Order of the Honorable Judge Eric N. Vitaliano, U.S.D.J., dated July 5, 2012, granting Plaintiff, Eastern Savings Bank, fsb's Motion for Summary Judgment and dismissing Defendants John Doe #1 – John Doe #12 from this action and upon the Report and Recommendations of the Magistrate Judge Marilyn D. Go, U.S.M.J., dated March 21, 2013 (the "Report and Recommendation"), recommending that the Court award Plaintiff judgment against Defendant Brenda Bright in the amount of $326,333.56 plus interest at a daily rate of $66.62 from April 1, 2013 until the entry of judgment based on the following total damages: $209,634.55 in principal, $76,713.75 in interest on principal plus interest at a daily rate of $59.96 from April 1, 2013 until the entry of judgment, $27,017.47 in unpaid escrow advances,

1

$4,347.10 in interest on the unpaid escrow and at a daily rate of $6.66 from April 1, 2013 until the entry of judgment, $3,477.16 in late fees, $3,925.83 in attorneys' fees and $1,217.70 in costs, and on recommendation that judgment be entered against Defendant, Sperry Associates Federal Credit Union, foreclosing its interest in the premises, and on recommendation that Plaintiff be granted leave to file a motion to amend the judgment to seek additional attorney's fees after they are incurred; and upon all of the proceedings had herein, the Court finds that:

This action was brought to foreclose a Mortgage (the "Mortgage") dated as of December 24, 2007 in the principal amount of $210,000.00 and recorded on January 17, 2008 under Liber: M 32665 Page: 83 in the Nassau County Clerk's Office, encumbering the property commonly known as **957 Orlando Avenue, West Hempstead, NY 11552 (Section: 35, Block: 597, Lot: 72)** ("Mortgaged Premises").

Defendants, BRENDA BRIGHT ("BRIGHT") and SPERRY ASSOCIATES FEDERAL CREDIT UNION ("SPERRY"), have been duly served with the Summons and Complaint. No answer has been interposed by or on behalf of any Defendant except for BRIGHT who interposed an Answer which said Answer was disposed of in connection with the Order granting summary judgment. None of the Defendants are an incompetent or absentee. Consequently, Defendant SPERRY is in default and as such, judgment is entered against SPERRY, foreclosing its interest in the Mortgaged Premises.

The Notice of Pendency containing all of the particulars required by law has been filed as aforesaid.

NOW, on application of Plaintiff Eastern Savings Bank, fsb, it is

**ORDERED, ADJUDGED AND DECREED,** that pursuant to *Rule 54(b)* of the Federal Rules of Civil Procedure, "When an action presents more than one claim for relief...or when

2

multiple parties are involved, the court may direct the entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." No determination of delay being made herein; it is hereby further

**ORDERED AND ADJUDGED,** that the mortgaged premises described in the Complaint and described in Schedule "A" annexed hereto, together with all right, title, and interest of the owner thereof, if any, in and to the land lying in the streets and road in front of the adjoining said premises, to the center line thereof, together with all fixtures and articles of personnel property annexed to installed in, or used in connection with the mortgage premises, all is more fully set forth in the aforementioned mortgage, be sold in one parcel as follows: **957 Orlando Avenue, West Hempstead, NY 11552 (Section: 35, Block: 597, Lot: 72)**, at public action to be held in the **lobby of the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, New York**, by and under the direction of **Charles L. Emma, Esq., 8410 Third Avenue, 2nd Floor, Brooklyn, New York 11209, Phone: (718) 232-3001**, or his duly appointed designee, who is hereby appointed Referee for that purpose; that said Referee give public notice of the time and place of said sale according to federal law and the practice of this Court by advertising in **Hempstead Beacon** and that the Plaintiff or an governmental agency or any other parties to this action may become the purchaser or purchasers at such sale, that the purchaser will be required to deposit with the Referee ten percent (10%) of the amount bid, in certified funds immediately upon the Referee's acceptance of the purchaser's bid for which a Referee's receipt will be given and that in case the plaintiff shall become the purchaser at the said sale, they shall not be required to make any deposit thereon, that said Referee execute to the purchaser or purchasers on such a sale a deed of the premises sold, that in the event a party other than the plaintiff becomes the purchaser or purchasers at such

3

sale, the closing of title shall be had thirty (30) days after such sale unless otherwise stipulated by all parties to the sale, and it is further

**ORDERED, ADJUDGED AND DECREED,** that said referee on receiving the proceeds of such sale shall forthwith pay therefrom, in accordance with their priority according to law, the taxes, assessments, sewer, rents or water rates which are or may become liens on the premises at the time of the auction sale with such interest or penalties which may have lawfully accrued thereon to the date of the auction sale bidders payment of the deposit, and it is further

**ORDERED, ADJUDGED AND DECREED,** that said Referee then deposit the balance of said proceeds of sale in his/her own name as Referee **in any local banking institution insured by the FDIC** and shall thereafter make the following payments and his/her checks drawn for that purpose shall be paid by said depository.

1st:   The sum of $1,500.00 [handwritten: $750] to said Referee for his fees herein.

2nd:   The expenses of the sale and the advertising expenses as shown on the bills presented to said Referee and certified by him to be correct, duplicate copies of which shall be left with said depository.

3rd:   And also the sum of **$326,333.56,** the amount computed by the Court and adjudged to plaintiff as aforesaid, on the Note and Mortgage, together with Note interest of 10.44% per annum as set forth in the Note (the "Note Rate") on the unpaid principal balance of $209,634.55 from April 1, 2013 through the entry of the Judgment and thereafter at the Note Rate through the transfer of the Referee's Deed, together with protective advances totaling $27,017.47, with interest from April 1, 2013, at 9% ("Statutory Rate") per annum until the entry of the Judgment and thereafter at the Statutory Rate through the transfer of the Referee's Deed, or so much thereof as the purchase money of the mortgaged premises will pay of the same, and

4

any advances as provided for in the Note and Mortgage which plaintiff may have made for taxes, insurance, and any other charges due to prior mortgages or to maintain the premises pending consummation of this foreclosure sale, not previously included in the computation, upon presentation to the Referee of receipts for said expenditures, all together with Statutory Rate thereon pursuant to the note and mortgage as above provided from the date incurred; and it is further

**ORDERED AND ADJUDGED** that said Referee shall take the receipt of plaintiff or its attorney for the amounts paid as directed in item marked "3rd" and shall file it with his report of sale. Said Referee shall deposit the surplus monies, if any, with the aforesaid depository, within five (5) days after the same shall be received and ascertainable, to the credit of this action, to be withdrawn only on the order of a Judge of this Court.

In the event that the plaintiff or a governmental agency thereof is the purchaser of said mortgaged premises at said sale, or in the event that the rights of the purchaser at said sale and the terms of sale under this judgment shall be assigned to and be acquired by plaintiff or any such governmental agency, and a valid assignment thereof be filed with the Referee, said Referee shall not require plaintiff or such governmental agency to pay in cash the amount bid at such sale, but shall execute and deliver to plaintiff or such governmental agency a deed of the premises sold. Plaintiff or such governmental agency shall pay the amount specified above in the items marked "1st" and "2nd" and shall also pay the amount of the aforesaid taxes, assessments, water rates, sewer rents and interest and penalties thereon, if any. Said Referee shall apply the balance of the amount bid after deducting therefrom the aforesaid amount paid by plaintiff or such governmental agency, to the amounts due plaintiff in the item marked "3rd", and if there be a surplus over and above said amounts due plaintiff, plaintiff shall pay to said Referee

5

upon delivery of said Referee's Deed, the amount of such surplus, and said Referee shall deposit said surplus as hereinabove directed.

Said Referee shall make his report of such sale and shall file it with the Clerk of the Court with all convenient speed. If the proceeds of such sale be insufficient to pay the amount adjudged due to plaintiff with the expenses, interests and costs as aforesaid, said Referee shall specify the amount of such deficiency in his report of sale the plaintiff shall recover from the Defendant, **BRENDA BRIGHT,** the whole deficiency of so much thereof as the Court may determine to be just and equitable of the residue of the mortgaged debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by section 1371 of the Real Property Actions and Proceedings Law within the time limited therein, and the amount thereof is determined and awarded by an order of this Court as provided for in said section; and it is further

**ORDERED AND ADJUDGED**, that the purchaser at said sale be let into possession on production of the Referee's deed; and it is further

**ORDERED AND ADJUDGED**, that each and all of the defendants in this action, and all the persons claiming under them, or any or either of them, after the filing of the notice of the pendency of this action, be and hereby are forever barred and foreclosed of all right, title, claim, interest, lien and equity of redemption in said mortgaged premises and each and every part thereof; and it is further

**ORDERED, ADJUDGED AND DECREED**, that all New York City and New York State transfer taxes and deed stamps shall be borne by the successful purchaser at the foreclosure sale.

**ORDERED, ADJUDGED AND DECREED**, that said premises is to be in "as is" physical order and condition, subject to any state of facts that an inspection of the premises

6

would disclose, any state of facts that an accurate survey of the premises would show; any covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreements of record, if any, any building and zoning ordinances of the municipality in which the mortgaged premises is located and possible violations of same; any rights of tenants or person in possession of the subject premises; prior lien(s) of record, if any, except those liens addressed in section 1354 of the Real Property Actions and Proceedings Law, any equity of redemption of the UNITED STATES OF AMERICA to redeem the premises within 120 days from the date of sale;

Said premises commonly known as **957 Orlando Avenue, West Hempstead, NY 11552 (Section: 35, Block: 597, Lot: 72)**. A description of said Mortgaged Premises is annexed hereto and made a part hereof as **Schedule A**.

Dated: Brooklyn, New York
JUL 1 1 2013

s/ ENV

HON. ERIC N. VITALIANO
United States District Court Judge

*First American Title*

**First American Title Insurance Company**

Title No.: **3060-347991**

# SCHEDULE A

ALL that certain plot, piece or parcel of land, situate, lying and being in the Town of Hempstead, (not an incorporated Village), County of Nassau and State of New York, and more particularly known and designated as Lots 322, 323, 324 & 325 on a certain map entitled, "Orlando Avenue Sub-Division, Lakeview L.I. Development by McGoldrick Realty Co. Inc. Incorporated 1921, New York, N.Y. September 1926, I. Newton Carman, Inc. surveyors and engineers, Malverne, New York" and filed in the Nassau County Clerk's Office on September 16th, 1926 as Map No. 367, New No. 2420, being more particularly bounded and described as follows:

BEGINNING at a point on the Easterly side of Orlando Avenue distant 327.63 feet Northerly from the corner formed by the intersection of the Northerly side of Champlain Avenue and the Easterly side of Orlando Avenue;

RUNNING THENCE Northerly along the Easterly side of Orlando Avenue 98.89 feet;

THENCE at right angles with Orlando Avenue, 90 feet;

THENCE Southerly parallel with Orlando Avenue 98.21 feet;

THENCE Westerly along a line forming an interior angle of 90 degrees 25 minutes 58.4 seconds with Orlando Avenue 90 feet to the point or place of BEGINNING.